**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES**, <br><br> v. <br><br> **SARAH CARTER**, <br><br>   Defendant. | Case No. 7:14-CR-48 (HL) |

**ORDER**

This case is before the Court on Defendant Sarah Carter's Motion to Revoke Order of Detention and Set Bond (Doc. 128) and her amendment to that motion. (Doc. 130). Upon conducting a *de novo* review, the Court adopts the findings of fact and conclusions of law of United States Magistrate Judge Thomas Q. Langstaff and adopts Judge Langstaff's pretrial detention order. This order memorializes the Court's oral ruling issued from the bench after hearing argument from the parties on January 27, 2015.

**I.   BACKGROUND**

Defendant Sarah Carter is one of thirteen defendants indicted on December 9, 2014, in a seventeen-count indictment charging a cocaine and cocaine base conspiracy involving firearms in violation of Title 21, United States Code, Sections 846, 841, and 856, and Title 18 United States Code, Sections 924(c) and 2. (Doc. 1). Defendant is named specifically in Counts One, Twelve, Thirteen, and Fourteen of the indictment.

On December 16, 2014, Judge Langstaff held a joint Arraignment and Detention hearing, during which he determined that there is probable cause that Defendant committed an offense for which the maximum sentence is a prison term of ten years or more. (Doc. 84). Judge Langstaff further found that through the testimony of witnesses Defendant overcame the statutory presumption established by 18 U.S.C. § 3142(e)(1) that there are no conditions the Court could set to assure the safety of the community and Defendant's reappearance in Court. (Doc. 245, p. 180).[1] However, upon careful consideration of the four factors enumerated in Section 3142(g), Judge Langstaff found (1) that the offense with which Defendant is charged involves both a controlled substance and a firearm; (2) that the weight of the evidence against Defendant falls in favor of the Government; (3) that while Defendant's long-standing history in the community and the rootedness of both Defendant and her family in many ways tilts the scale in favor of Defendant, the same characteristics support the Government's position that her status in the community enables the drug distribution conspiracy, thus rendering this factor neutral; and (4) that the court could devise no conditions that would prevent Defendant from selling drugs if released. (Doc. 245, pp. 181-84). In support of his decision to deny bond, Judge Langstaff further noted the court's concern that no one could explain the

---

[1] The government presented no evidence and made no argument that Defendant is a flight risk. Accordingly, Judge Langstaff evaluated only whether Defendant presented a danger to the community.

presence of at least two guns located in Defendant's home. He also highlighted testimony that law enforcement located two grams of cocaine in Defendant's bedroom and that based on surveillance Defendant had a steady stream of traffic in and out of her home on a daily basis believed to be connected to her street level distribution of crack cocaine. (Doc. 245, pp. 185-86).

On December 30, 2014, Defendant filed a motion to revoke the detention order, arguing that Defendant poses no risk of flight or a danger to the community as evidenced by her significant ties to the community. (Doc. 128). Defendant amended her motion on December 31, 2014, to include an additional argument that her brother was willing to serve as a third party custodian, evidence Defendant was not able to offer during the initial proceedings as a result of the brother's unavailability. (Doc. 130). The case thereafter came before this Court on January 27, 2015, at which time the Court afforded the parties the opportunity to argue their respective positions and permitted Defendant to elicit the testimony of Mr. Robert Stokes, Defendant's brother.

## II. STANDARD OF REVIEW

A person ordered detained by a magistrate may seek prompt review of the order by the district court. 18 U.S.C. § 3145(b). The district court reviews the magistrate's denial of bail *de novo*. United States v. Jeffries, 679 F. Supp. 1114, 1115 (citing United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987)). In conducting an independent review regarding the appropriateness of pretrial

detention a hearing is not required, and the court may explicitly adopt the findings and conclusions of the magistrate, or the court may decide that additional evidence is required and conduct an independent hearing. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). "[I]f the district court determines that the additional evidence does not affect the validity of the magistrate's findings and conclusions, the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order." Id. at 490-91.

## III. DISCUSSION

The Bail Reform Act, which governs the pretrial release or detention of defendants, creates a rebuttable presumption in favor of releasing defendants on bond pending trial, with the exception of certain offenses where the presumption is against release:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . [a federal drug offense] for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).

18 U.S.C. § 3142(e)(3)(A). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (citing United States v. Hurtado, 770 F.2d 1467, 1479 (11th Cir. 1985)).

4

In a case where the statutory presumption is against release, the defendant then must satisfy the burden of producing evidence to rebut the presumption. Id.; see also Hurtado, 770 F.2d at 1470 n. 4 ("Once the government establishes probable cause it becomes the task of the defendant to come forward with some quantum of evidence contrary to the fact presumed by the statute."). If the evidence presented by the defendant is sufficient to rebut the statutory presumption, the presumption, "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to the factors listed in Section 3142(g)." King, 849 F.2d at 488.  Those factors include (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant, including the defendant's family and community ties, employment and financial resources, and criminal history; and (4) the nature and seriousness of the danger posed by the defendant to any person or the community. 18 U.S.C. § 3142(g). The burden of persuasion remains with the government to show either by a preponderance of the evidence that the defendant poses a risk of flight and that no condition or combination of conditions will reasonably assure the defendant's presence at future court proceedings or by clear and convincing evidence that the defendant poses a danger to the community. Quartermaine, 913 F.3d at 917.

Defendant here was indicted under 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii) with conspiring to possess with intent to distribute cocaine and

cocaine base, a charge which carries a maximum term of imprisonment in excess of ten years. She additionally faces charges for possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. §§ 2 and 942(c)(1) and for maintaining a drug involved premises under 21 U.S.C. § 856(a)(1) and (b) and 18 U.S.C. § 2. Judge Langstaff found that probable cause existed to believe that Defendant committed the crimes with which she is charged and that, accordingly, the rebuttable presumption against pretrial release arises under 18 U.S.C. § 1342(e).

Judge Langstaff conducted a lengthy hearing on December 16, 2014, at which time the Government presented extensive testimony from Stripling Luke, a Special Agent with the Georgia Bureau of Investigation. Agent Luke identified Defendant and presented evidence of the nature and extent of her involvement in the alleged drug conspiracy. Defendant in response produced the testimony of Jimmy Lee Walker, Defendant's brother, and Barbara Walker, Defendant's sister-in-law. These witnesses provided credible evidence of Defendant's strong community ties and her role as the primary caretaker for an ailing, elderly uncle, and the family's dependence on her to fulfill that need. They further testified that while they were aware that Defendant's deceased husband maintained a firearm in the household, they never knew Defendant personally to possess or to brandish any firearm or other weapon. On their visits to Defendant's home they additionally never witnessed the production of crack cocaine or the sale of

narcotics. Defendants proffered another one of Defendant's brothers, Mr. Robert Stokes, as a potential third-party custodian, willing to maintain regular contact with Defendant and ensure her appearance at future court proceedings. Mr. Stokes was in Texas at the time of the detention hearing and unable to offer direct testimony.

After considering all of the evidence, Judge Langstaff found that Defendant satisfied the burden of production to overcome the presumption in favor of detention based on the concern that Defendant poses a risk of danger to the community. However, upon weighing each of the factors enumerated in Section 3142(g), Judge Langstaff ultimately found that the government presented clear and convincing evidence "that there is no set of conditions which the Court can set to reasonably assure the safety of the community." (Doc. 84). In ordering Defendant's detention, Judge Langstaff noted several key factors, including the presence of several unexplained firearms in Defendant's home, the discovery of illegal drugs in Defendant's bedroom, and testimony that Defendant was distributing drugs out of her home.

At the hearing held in this Court on January 27, 2015, the Court limited the introduction of additional evidence to the testimony of Mr. Stokes. Mr. Stokes testified that Defendant and her family are well known in the Omega, Georgia area and that Defendant had no record of aggressiveness and has never been a danger to the community. Since moving back to Georgia from Texas about four

years ago, Mr. Stokes has visited with Defendant in her home at least two days a week. He passes by her home on an almost daily basis either on his way to work or to check on his mother-in-law. During those visits, he witnessed the frequent foot traffic in and out of Defendant's home but never directly witnessed any drug related activity. He stated that Defendant met with these individuals outside of his presence and that he did not inquire further out of respect for his sister's privacy.

In the event of Defendant's release, Mr. Stokes offered to check on Defendant regularly, even several times a day if necessary. He fully understands the scope of the charges against his sister but expressed his disagreement with the Government's characterization of his sister as the "matriarch" of the drug conspiracy. He stated that a "light has been turned on," that she realizes she has made errors, and that she wants to move forward with her life. She wants the opportunity to say, "I tripped and fell, and I need to do better for myself." He is willing to provide whatever counsel and guidance she needs to do so.

Upon review of the transcript of the proceedings before Judge Langstaff, and after considering the additional testimony of Defendant's brother, this Court explicitly adopted Judge Langstaff's findings of fact and conclusions of law. As the Court observed, Defendant's ultimate basis for moving to revoke the order of detention was to introduce Defendant's brother, who Defendant argues will somehow restrain her from further engaging in the sale of illegal drugs. While Mr. Stokes obviously is a man of character and education who is concerned with the

welfare of his sister, the Court found Mr. Stokes testimony about what he might do to prevent and restrain Defendant from continuing to engage in illegal activity naïve. The Court further noted that there is virtually nothing that any person could do to prevent Defendant from engaging in drug trafficking if that is what she set her mind to doing. It is not only possible for Defendant to continue to engage in the continued sale of narcotics from her home, it also is very probable. Accordingly, the Court upheld Judge Langstaff's findings and conclusion and ordered that bond be denied to Defendant.

### IV. CONCLUSION

As announced in open court and in the presence of Defendant, the Court adopted the findings of fact and conclusions of law of United States Magistrate Thomas Q. Langstaff. Defendant's motion to revoke the order of detention is denied. Defendant shall remain in the custody of the United States Marshall Service pending trial.

**SO ORDERED** this 10th day of February, 2015, nunc pro tunc January 27, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks